UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | **Crim. Action No.** |
| v. | ) ) | **18-10480-FDS** |
| **ORLANDO BRETON MERCADO,** | ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On July 8, 2019, defendant Orlando Breton Mercado pleaded guilty to one count of distribution of and possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i).  On September 30, 2019, he was sentenced to a 40-month term of incarceration, followed by a 36-month period of supervised release.  He is currently incarcerated at Moshannon Valley Correctional Institute in Philipsburg, Pennsylvania, with a projected release date of September 22, 2021.  He is subject to an Immigration and Customs Enforcement detainer for deportation proceedings once he has completed his sentence.

On September 8, 2020, Breton Mercado moved for compassionate release pursuant to 18 U.S.C. § 3582(c).  For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* §

3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies. On July 14, 2020, he filed a request with the warden of Moshannon Valley CI to move for a sentence reduction on his behalf. (Def. Ex. A). On July 16, 2020, the warden denied the request, on the basis that defendant was ineligible for compassionate release due to the ICE detainer lodged against him. (*Id.*). More than 30 days have passed since his request was received, and therefore the Court has jurisdiction to consider his request. *See* 18 U.S.C. § 3582(c)(1)(A).[1]

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in 18 U.S.C. § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Bureau of Prisons Program Statement 5050.50 (2019).

Here, defendant contends that the "extraordinary and compelling" reason to reduce his sentence to time served is that he suffers from Type II diabetes, which places him at increased risk of serious illness or death if he is exposed to the coronavirus while in custody. He reports that he was diagnosed with diabetes in 2005 and previously was prescribed Metformin and a

---

[1] It is unclear from the record whether defendant has exhausted the appeals process of the Bureau of Prisons. In any event, the government does not contest that he has exhausted his administrative remedies. (Gov't Opp. at 8).

daily insulin injection for the condition. (Def. Mot. at 9). The Center for Disease Control and Prevention recognizes that Type II diabetes "increases [one's] risk of severe illness from COVID-19." CENTER FOR DISEASE CONTROL AND PREVENTION, *People Who Are at Higher Risk for Severe Illness* (Oct. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, he does not appear to suffer from other risk factors for complications from coronavirus, such as advanced age—he is 45 years old—or additional underlying medical conditions. *See id.* ("[T]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19.").

In addition, there is no indication that defendant faces a heightened risk of infection at his facility. Between April 27 and August 4, 2020, no inmates at Moshannon Valley CI had tested positive for COVID-19. *See* DEPARTMENT OF JUSTICE OFFICE OF THE INSPECTOR GENERAL, REMOTE INSPECTION OF FEDERAL BUREAU OF PRISONS CONTRACT CORRECTIONAL INSTITUTION MOSHANNON VALLEY (Aug. 31, 2020), https://www.oversight.gov/sites/default/files/oig-reports/20-097.pdf. As of August 4, two staff members had tested positive. *Id.* However, it appears that the facility was able to manage the infections and prevent an outbreak, as on September 9, 2020, it represented to counsel for the government that there were zero COVID-19 cases among inmates or staff. (Gov't Opp. at 6).[2] Therefore, defendant has not shown that his continued incarceration at Moshannon Valley CI poses a specific, material risk of serious complications of COVID-19 that rises to the level of an extraordinary and compelling reason for release.

Furthermore, the sentencing factors set forth in § 3553 do not favor release. Defendant brokered a proposed sale to a confidential informant of two kilograms of heroin and 500 grams

---

[2] The Moshannon Valley CI representative stated that the two infected staff members did not have any prolonged exposure to inmates, and eventually recovered and returned to work. (*Id.*).

of fentanyl, although ultimately he was able to procure and sell just under one kilogram (984 grams) of heroin.  (Gov't Opp. at 10; Crim. Compl. at 5-6).  Although this was his first offense, that does not change the fact the defendant sold a large quantity of a dangerous and deadly drug.  At sentencing, he already received the benefit of both the safety valve reduction under 18 U.S.C. § 3553(f), which prevented the imposition of a five-year mandatory minimum sentence, and a downward variance of six months from the Guideline Sentencing Range of 46-57 months of imprisonment.  If he is released now, he will have been relieved of approximately one year, or one-third of his below-guidelines 40-month sentence.  Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct.  18 U.S.C. § 3553.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/  F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  October 16, 2020 | Chief Judge, United States District Court |